UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES MALLORY, *et al.*                                                                 PLAINTIFFS

v.                                                                       Civil Action No. 3:24-cv-70-RGJ

JOCELYN RENAE HALL                                                                      DEFENDANT

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs James Mallory, Roberta Young, and Maxine Mallory filed the instant *pro se* action. Plaintiff James Mallory filed an application to proceed without prepayment of fees. Upon consideration, **IT IS ORDERED** that the application [DE 2] is **GRANTED**. Because Plaintiffs are proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2).[1] For the following reasons, the action will be dismissed.

**I.**

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983. [DE 1 at 1]. They sue Defendant Jocelyn Renae Hall in her individual and official capacities. [*Id.* at 2]. Plaintiffs state that James Mallory transferred settlement funds derived from two federal civil-rights cases in the amount $50,000 to Defendant. Plaintiffs allege that James Mallory and Defendant had an agreement that she would "do 'only' as I instructed her to do with (all) my settlement funds [and] 'not' take anything from me under (No) circumstances." [*Id.*]. Plaintiffs assert that Defendant has over $43,000 of the settlement funds in her possession, but she has not responded to calls or letters regarding those funds. [*Id.* at 3]. Plaintiffs claim that Defendant has stolen the money and

---

[1] Plaintiffs Roberta Young and Maxine Mallory did not file an application to proceed without prepayment of fees. However, in light of a review of the complaint, the Court will not require them to do so.

committed "fraud [and] theft by deception." [*Id.*]. As relief, Plaintiffs seek an award of money damages in the amount of $43,000 and punitive damages in the amount of $75,000. [*Id.* at 4].

## II.

Because Plaintiffs are proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

#### A.  42 U.S.C. § 1983

Plaintiffs assert claims for fraud and theft by deception under 42 U.S.C. § 1983. Section 1983 does not create substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiffs have not alleged a violation of federal statutory or constitutional rights by Defendant. Furthermore, Defendant is not a state actor for purposes of § 1983. The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir.

2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Defendant in this case is a private actor. *See Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (per curiam); *Santiago v. Chill*, No. 3:21-CV-720-RGJ, 2023 WL 2355903, at *4 (W.D. Ky. Mar. 3, 2023).

Therefore, Plaintiffs' claims brought pursuant to 42 U.S.C. § 1983 must be dismissed for failure to state a claim upon which relief may be granted.

### B. Diversity Jurisdiction

In liberally construing the complaint, Plaintiffs appear to assert a state-law claim for fraud, civil theft, or conversion. As such, the Court raises *sua sponte* the issue of diversity jurisdiction based on the Court's inherent power and duty to ensure that the requirements for subject matter jurisdiction are satisfied in all cases. *See Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007).

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548–49 (6th Cir. 2006).

In the present case, diversity jurisdiction is lacking. For a federal court to have diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity—which means that each plaintiff must be a citizen of a different state than each defendant—and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiffs fail to establish diversity jurisdiction as there is not complete diversity of citizenship since they and Defendant are all citizens of Kentucky. *See* 28 U.S.C. § 1332.

**IV.**

Accordingly, the Court will dismiss this action by separate Order.

Date: May 1, 2024

Rebecca Grady Jennings, District Judge
United States District Court

cc:   Plaintiffs, *pro se*
      Defendant
A961.014